J-S16020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALISA ROSE STEFFIE, | |
| Appellant | No. 1084 MDA 2014 |

Appeal from the Judgment of Sentence of June 20, 2014
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0001058-2013

BEFORE:  PANELLA, OLSON and OTT, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 23, 2015**

Appellant, Alisa Rose Steffie, appeals from the judgment of sentence entered on June 20, 2014.  We affirm.

The trial court's opinion thoroughly and ably summarizes the underlying facts of this case.  As the trial court explained:

> [During Appellant's jury trial, Pennsylvania State Troopers David Beam and Peter Mohn testified for the Commonwealth.  Trooper Beam] testified that he [has been] a trooper for eight years and, during this time, he has received training in the administration of field sobriety tests. [Trooper Beam] also received training to detect people [who are suspected of] driving under the influence of a controlled substance.  He testified that he has been involved in over [100] motor vehicle stops where he suspected [that] the operator [was] under the influence [of controlled substances.]
>
> [Similarly, Trooper Mohn testified that he:  has been a Pennsylvania State Trooper for three years; received specialized training to detect impaired drivers; is "certified

in standardized field sobriety tests;" and, has administered approximately 20 field sobriety tests during his career].

. . .

The evidence at trial [established that, at approximately 12:48 a.m. on March 12, 2013, Troopers Beam and Mohn] . . . were dispatched to [a] report of a disturbance in the area of 57 Main Street, Mt. Carbon, Schuylkill County, Pennsylvania. When the troopers arrived on scene[,] they observed a vehicle that was parked [three-quarters] of the way on the sidewalk [and one-quarter of the way on the wrong side of the road. The troopers observed that the vehicle's headlights were] on, [the] vehicle [was] running, and [Appellant was] seated in the driver's seat. . . .

When Trooper Beam approached [Appellant, he noticed that Appellant exhibited] body tremors, mainly in [her] legs[, and that] she could not sit still. Trooper Beam testified that the body tremors [were not] common for someone [who was] not under the influence of a controlled substance. When Trooper Beam asked [Appellant] for her driver's license[, Appellant] had a difficult time getting the license out of her wallet. Trooper Beam testified that he asked [Appellant] to perform field sobriety tests and [informed her] that the tests were being recorded. [The trial court and] the jury were able to witness [Appellant] perform the field sobriety tests. . . .

The first test administered by Trooper Beam was the [heel-to-toe] test and Trooper Beam testified that [Appellant] failed the test for the following reasons:

> She was unable to make any heel to toe contact. She was unable to stay on the line. She raised her arms. She was swaying. She did an improper turn to start to turn back and she did not follow directions for the series of three small steps.

[During the test, Appellant] complained about the roadway being uneven where she performed the test so Trooper Beam took [Appellant] to the other side of the roadway to perform the test. [Appellant] again failed the test for the same reasons she failed the first time. Trooper Beam

testified that he [believed] that [Appellant] was under the influence of some type of controlled substance at that point.

Trooper Beam then asked [Appellant] to perform the one leg stand and when she performed the one leg stand she failed [] because she was unable to maintain [her] balance. She was unable to keep her foot raised off the ground. She would immediately pick her foot up and her foot would return to the ground because she was unable to maintain [her] balance[.] Trooper Beam testified that he [administered] the test twice[] and then [] stopped the test because she was unable to perform and it was unsafe for her. Trooper Beam then gave [Appellant] a [preliminary breath test (hereinafter "PB test"),] which indicated that [Appellant] had no alcohol in her system.

Trooper Beam asked [Appellant] if she was on any type of prescription medication and [Appellant told the trooper] that she was prescribed oxycodone, prednisone, and trazodone [and that she had taken her oxycodone that very day]. Trooper Beam testified that trazodone is an anti-depressant, oxycodone is a narcotic analgesic[,] and prednisone is a steroid[.] Trooper Beam testified that he [believed Appellant] was incapable of safe driving. . . .

Trooper Beam placed [Appellant] under arrest and asked [her] to submit to a chemical test of her blood[. Appellant] stated that she would consent to the blood test. [Appellant] was taken to the hospital where she completed the necessary paperwork [and was "read the DL-26 [form and] advised of her warnings." However, when] the phlebotomist arrived in the room to draw blood, [Appellant] refused.

Trooper Mohn's testimony was consistent with the testimony of Trooper Beam. . . . Trooper Mohn testified that[, based upon] his experience and [] observations, he concluded that [Appellant] was [intoxicated and] incapable of safely operating a motor vehicle. Trooper Mohn testified[] as follows:

> She was extremely nervous and jittery in the vehicle. She stumbled with her cards when she was trying to find her ID. She wasn't able to locate them in a normal

manner by a non-impaired person. When she got out of the vehicle, she couldn't keep her balance. She couldn't submit to the standardized field sobriety tests as they were instructed. She admitted to being prescribed medications, one of which she had taken that day. Her involuntary movements, always having to – she couldn't stand still, always having to lift her leg or lift an arm or clench her teeth or move her head. Those movements.

Trooper Mohn testified that there [was no] alcohol in [Appellant's] system because Trooper Beam gave her a PB[] test and it [indicated that Appellant did not have any alcohol in her system]. . . . [Because of this,] Trooper Mohn opined that [Appellant] was under the influence of drugs.

[In summary], to paraphrase the [Pennsylvania Supreme Court in **Commonwealth v. Griffith**, 32 A.3d 1231 (Pa. 2011)]:

Two experienced Pennsylvania State Troopers observed [that Appellant] had parked her running motor vehicle three quarters [of the way] on the sidewalk and one quarter on the road and facing the wrong way. The two troopers observed [Appellant's] behavior, demeanor, unsteadiness, and inability to perform field sobriety tests, all [of] which led [the troopers to request that Appellant submit to] laboratory tests for the detection of controlled substances in [Appellant's] blood. [Appellant] admitted she only had one beer early in the day and the PB[] test showed that she did not have alcohol in her system. [Appellant] admitted to taking oxycodone earlier that day and being prescribed prednisone and trazodone. [Appellant] also refused chemical testing of her blood. . . .

[**See Griffith**, 32 A.3d at 1240].

In addition to the evidence presented by the Commonwealth[,] the jury was also able to hear the self-serving testimony of [Appellant,] who testified on her own behalf. [Appellant] admitted to driving her vehicle and also attempted to explain why she parked on the wrong side of the road. [Appellant] testified that she had taken her

prescribed medications of prednisone and oxycodone earlier in the day.

[Appellant] testified that she was unable to perform the field sobriety tests due to [] problems with her legs. However, [Appellant] testified that she never told the troopers that she couldn't perform the test[s] because of her physical infirmities. [Appellant] testified that she did tell the troopers that the road was bad where she was performing the field sobriety test[s] and they allowed her to move to the other side of the road. The jury and [the trial] court did not find [Appellant's] testimony credible that she could not perform the field sobriety tests because of her physical infirmities when she never stated to the troopers that she could not perform the tests because of her physical condition yet [Appellant] did point out to the troopers that she couldn't perform the test[s] because of the condition of the roadway.

[Appellant] also testified that she did not submit to chemical testing of her blood because she did not do anything wrong but park illegally. [Appellant] also testified that she was agitated at the police because they searched the car she was driving, her purse without asking[,] and they were going through her phone. [Appellant] testified that she refused the blood test because she was angry at the police for going through her personal property. The Commonwealth presented rebuttal testimony from Trooper Beam and he testified that he did not search her vehicle, he never put his hands in her purse[,] and he did not have possession of her cell phone.

Trial Court Opinion, 8/25/14, at 2 and 7-11 (internal quotations and citations omitted).

The jury found Appellant guilty of driving under the influence of a controlled substance (hereinafter "DUI") and the trial court found Appellant

guilty of the summary offense of illegally parking on a sidewalk.[1] The trial court originally sentenced Appellant on May 28, 2014; however, Appellant filed a timely motion to modify her sentence and, on June 20, 2014, the trial court granted Appellant's post-sentence motion and entered an amended sentencing order. Among other things, the trial court's amended sentencing order requires Appellant to serve five years of intermediate punishment for her DUI conviction.

Appellant filed a timely notice of appeal and Appellant now raises the following claims to this Court:

> 1. Whether there was sufficient evidence that Appellant was under the influence of [a] controlled substance to the degree that [it] impaired her ability to drive safely?
>
> 2. Whether the trial court committed an error of law by denying [Appellant's] motion for judgment of acquittal, in that the Commonwealth did not produce evidence in its case in chief that Appellant was impaired by a controlled substance to the degree that impaired her ability to drive safely?

Appellant's Brief at 4 (some internal capitalization omitted).

We have reviewed the briefs of the parties, the relevant law, the certified record, and the well-written opinion of the able trial judge, the Honorable James P. Goodman. We conclude that the claims raised in Appellant's brief are meritless and that the trial court's opinion, filed on August 25, 2014, meticulously and accurately explains why Appellant's

---

[1] 75 Pa.C.S.A. §§ 3802(d)(2) and 3353(a)(1)(ii), respectively.

claims fail. Therefore, we adopt the trial court's opinion as our own. In any future filings with this or any other court addressing this ruling, the filing party shall attach a copy of the trial court's opinion.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/23/2015